**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:25CV-P213-JHM**

**JESSE JAMES THOMPSON, II**                                                      **PLAINTIFF**

**v.**

**CAPTAIN JARED SKINNER** *et al.*                                            **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Jesse James Thompson, II, filed the instant *pro se* 42 U.S.C. § 1983 action.  The

matter is now before the Court upon an initial review of the complaint pursuant to 28 U.S.C.

§ 1915A.  Upon review, the Court will dismiss the action for the reasons stated herein.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff is a convicted inmate at the Kentucky State Penitentiary.  He sues Captain Jared

Skinner, Correctional Officer Devon Camp, and Warden Lauren Plappert in their official

capacities only.

Plaintiff maintains that Defendant Canup "violated my right to due process in [Department

of Corrections] Disciplinary Report # KSP-2025-0000858 in which I am charged with rioting or

inciting a riot."  He states, "Though the body of the report states that 'at least 5 other inmates' were

involved the disciplinary report does not identify these inmates which violates 15.2 and

KRS Chapter 525.10 Section 5."

Plaintiff asserts that Defendant Skinner violated his right to due process by convicting him

of rioting or inciting to riot "based solely on Correctional Officer Canup's report" and by

"overlooking the fact that the other 'at least 5 other inmates' were not listed." He also states that he was not given a Miranda warning during the investigation or the hearing.

Plaintiff further states that Defendant Plappert "allowed these violations of my right in that after gathering information on how to go about appealing after the 15 day deadline I wrote her a letter request permission for a belated appeal of the conviction stated above and was denied."

As relief, Plaintiff seeks compensatory damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-

2

21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Each of the Defendants is an official or employee of the Commonwealth of Kentucky. State officials or employees sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, because Plaintiff seeks compensatory damages from state officials or employees in their official capacities, his claims must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, while Plaintiff did not sue Defendants in their individual capacities, the Court may allow Plaintiff to amend his complaint to bring individual-capacity claims if such claims would not be futile.  *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile.").  Before

allowing Plaintiff to amend his complaint, the Court will determine if individual-capacity claims against Defendants would be futile.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). An incarcerated individual does not have a protected liberty interest in connection with prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 487, 484 (1995). Here, Plaintiff does not allege that the disciplinary proceedings affected the duration of his sentence or imposed an atypical and significant hardship on him to establish a deprivation of a protected liberty interest.

However, even if Plaintiff had alleged such a deprivation, his claim would be barred. In *Heck v. Humphrey*, 512 U.S. 477, (1994), the Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id.* at 486-87 (footnote omitted). Thus, if a ruling on a claim would necessarily render a plaintiff's continued confinement invalid, the claim must be dismissed because it is not cognizable until the challenged confinement has been remedied by some other process. *Id.* at 487. The Supreme Court has extended the application of *Heck* to prison administrative proceedings, such as the one challenged by Plaintiff in this case, and clarified that a prisoner must show a favorable termination of his disciplinary proceeding before filing a civil action in cases where the duration of his sentence

4

has been affected.  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997).  The *Heck* and *Edwards* bar applies no matter the relief sought—damages or injunctive relief.  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Nothing in the complaint suggests that the disciplinary action in question has been terminated in any of the ways articulated by *Heck*.  If this Court were to find a violation of due process, such a finding would necessarily render his disciplinary proceedings invalid.  Therefore, Plaintiff fails to state a due process claim related to the disciplinary proceedings.  Accordingly, the Court finds that allowing Plaintiff to amend his complaint to sue Defendants in their individual capacities would be futile, and the case must be dismissed for failure to state a claim upon which relief may be granted.

### IV.  CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action.

Date:    April 2, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010

5